UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANITA ROSE CHAVEZ, | ) |
| Plaintiff, | ) No. CV-09-352-JPH ) |
| v. | ) ORDER GRANTING DEFENDANT'S ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 1, 2010 (Ct. Rec. 14, 18). Attorney Lora Lee Stover represents plaintiff; Special Assistant United States Attorney Carol Hoch represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 7). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (**Ct. Rec. 18**) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 14).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) and supplemental security income benefits (SSI) on May 11, 2006, alleging disability beginning May 2, 2006 (Tr. 69-71, 773-777). The applications were denied initially and on reconsideration (Tr. 37-38, 41-44).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                          - 1 -

At a hearing before Administrative Law Judge (ALJ) Richard Say on March 13, 2008, plaintiff, represented by counsel, and a vocational expert testified (Tr. 964-997). On May 10, 2008, the ALJ issued an unfavorable decision (Tr. 19-32). The Appeals Council denied Ms. Chavez's request for review on October 13, 2009 (Tr. 4-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on November 24, 2009 (Ct. Rec. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 52 years old at onset, 54 at the hearing, and 55 on the date of the ALJ's decision (Tr. 32, 69, 968). Ms. Chavez earned a GED and is four credits short of completing an associate's degree in nursing (Tr. 158, 609, 611, 968). In 2004 she earned a certificate and became a certified nursing assistant (Tr. 158).

Plaintiff last worked in May 2006 (Tr. 146, 969). She has worked as a customer service representative, telephone solicitor, cook, nurse's assistant, waitress, housekeeper and assistant lodge manager (Tr. 107, 118-120, 132, 971-972, 990-991). She alleges disability due to diabetes, diabetic neuropathy, arthritis, left shoulder/arm and hand impairments, right arm problems, sleep apnea, ulcers, high blood pressure, depression, and anxiety (Tr. 151, 973-975). Plaintiff is left handed (Tr. 969). Right shoulder

pain causes sleep problems and she is unable to lift her right hand overhead (Tr. 975, 977). Plaintiff naps 2-3 hours at a time, four or five days a week; shares household chores with her significant other; cooks, makes the bed, and does laundry (Tr. 609, 979). In an average week plaintiff has two good days (with less pain). On the bad days she is only able to watch television (Tr. 980). Prescribed medication causes morning grogginess and sluggishness (Tr. 983). Plaintiff can sit 30 minutes, stand 10-15, walk six blocks, and lift five pounds (Tr. 986-987). Prescribed medication helps with depression. Ms. Chavez attends counseling once a week (Tr. 983-985).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential

evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520,416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

    If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

The ALJ found plaintiff was insured through June 30, 2008 for DIB purposes (Tr. 19, 21). At step one he found Ms. Chavez has not engaged in substantial gainful activity since onset (Tr. 21). At

steps two and three, he found she suffers from obesity, diabetes, and shoulder arthritis (status post right rotator cuff repair), impairments that are severe but which do not alone or in combination meet or medically equal a Listed impairment (Tr. 21, 29). The ALJ found plaintiff less than fully credible (Tr. 30). At step four, he found she is able to perform her past job as a telephone solicitor (Tr. 31). Alternatively, at step five, relying on the VE, he found transferrable skills enable plaintiff to work as a dietary clerk (Tr. 31). Accordingly, the ALJ found plaintiff was not disabled as defined by the Social Security Act during the relevant period (Tr. 32).

**ISSUES**

Plaintiff contends the Commissioner erred when he (1) failed to find mental impairments, diabetic neuropathy, and left shoulder/arm and hand impairments severe at step two; (2) weighed the opinions of "providers and consultative examiners"; and (3) assessed credibility (Ct. Rec. 15 at 7). Plaintiff's remaining arguments (the ALJ erred by leaving out some limitations in the RFC assessment and in the hypothetical to the VE) simply recast the first three arguments.

Asserting the ALJ's decision is supported by substantial evidence and free of harmful error, the Commissioner asks the Court to affirm (Ct. Rec. 19 at 20).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings;

the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to

reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

*Mental impairments*

Plaintiff alleges the ALJ failed to properly credit two opinions of her mental functioning. The first is an opinion rendered the day before the hearing, on March 12, 2008, by treatment provider Aimee Lawrence, MSW (Tr. 582). Second, plaintiff alleges the ALJ failed to properly credit the opinion of examining professionals W. Scott Mabee, Ph.D. and Abigail Osborne-Elmer, MS, LMHC, rendered six days after the hearing on March 19, 2008 (Tr. 611)(Ct. Rec. 15 at 12-13).

Ms. Lawrence treated plaintiff from August 20, 2007 through at least March 12, 2008, when she opined Ms. Chavez's mental health symptoms "are severe enough that she would not be able to maintain employment" (Tr. 582). Four months earlier, in November 2007, Ms. Lawrence assessed a GAF of 65, indicating some mild symptoms or difficulty but generally functioning pretty well[1] (Tr. 24, 596).

Dr. Mabee and Ms. Osborne-Elmer diagnosed major depressive disorder (recurrent, moderate) and rule out opioid abuse. They assessed a GAF of 58 (Tr. 611). At first plaintiff said insulin is

---

[1] Diagnostic and Statistical Manual of Mental Disorders, 4th Ed. at p. 32(DSM IV)(2005).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 9 -

the only drug she takes. Later Ms. Chavez admitted she takes hydrocodone four times daily. Dr. Mabee recommended referral for a drug and alcohol evaluation (Tr. 611).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 21). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found plaintiff less than credible because she made inconsistent statements, failed to comply with treatment, engaged in drug seeking behavior, and engaged in activities inconsistent

with the degree of claimed limitation (Tr. 30-31).

ALJ Say observes plaintiff testified she last worked in May 2006 (Tr. 30 referring to Tr. 969), did not work in 2006, worked regularly as a housekeeper in June 2005, and last worked in October 2005 (Tr. 30, Ex. 1F/251, 253, Tr. 146, 302, 413, 415, 485). Ms. Chavez inconsistently reports she completed 1-2 years of college (Tr. 158, 518) and 2½ years of college (Tr. 485). Depression began in 2000 (Tr. 584) and in 2004 (Tr. 593), as the ALJ points out (Tr. 31). The ALJ observes plaintiff inconsistently reports drug use (Tr. 31). As noted, Ms. Chavez first told Dr. Mabee the only drug she takes is insulin, but later admitted she takes hydrocodone four times daily (Tr. 611). *See also* Tr. 446 (says used cocaine intravenously for one year and stopped in 2000); Tr. 484 (was a binge drinker); Tr. 500 (in January 2006, "off of drugs for a while"); Tr. 836 (in July 2008 drinks rarely); Tr. 518 (in July 2005 says quit in drinking in 1992).

The ALJ observes plaintiff failed to comply with treatment recommendations for diabetes (Tr. 30, citing Ex. 1F/69, 71, 327, 355, Ex. 2F, Ex. 7F, Tr. 230, 232, 524). Ms. Chavez inexplicably failed to comply with treating her shoulder as directed after rotator cuff repair surgery (Tr. 30, citing Ex. 1F/5-55, Tr. 210-212).

Finally, the ALJ notes plaintiff told PAC Barbara Tritt in July 2005 she is raising two grandchildren (Tr. 22, referring to Ex. 1F/355-358); *see also* Tr. 99 (in May 2006, three weeks after onset, reports raising grandchildren); and Tr. 232 (in April 2007, takes care of three grandchildren); Tr. 274 (in September 2007 "experiencing considerable stress raising her four

grandchildren"), activities inconsistent with claimed severe mental and physical limitations (Tr. 28). *See e.g., Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir 2001)(claims of totally disabling pain may be undermined daily activities such as attending to the needs of young children).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ considered Ms. Chavez's credibility when he weighed the conflicting evidence of psychological impairment. He rejected Ms. Lawrence's opinion plaintiff cannot work because (1) it is inconsistent with treating source GAFs of 60-70, indicating only mild to moderate symptoms; (2) Ms. Lawrence is not an acceptable treating source as defined by the applicable regulations[2], and (3) her opinion appears based at least in part on plaintiff's unreliable self-report (Tr. 28).

The ALJ correctly rejected Ms. Lawrence's opinion because it is contradicted by other treating sources' (including her own) opinions assessing only mild to moderate limitation (Tr. 28). See Tr. 480, 486, 501 (GAF 60-70, Melissa Leffler, ARNP, January

---

[2] See 20 C.F.R. § 404.1502; 20 C.F.R. § 404.1513(a).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 12 -

through May, 2006); Tr. 595 (GAF 60 - August 2007, Lawrence) and Tr. 596 (GAF 65 - November 2007, Lawrence). Second, the ALJ was under no obligation to accord Ms. Lawrence's opinion special weight. 20 C.F.R. § 404.1513(d)("[W]e *may* also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work.")(emphasis added). Third, the Commissioner is correct the ALJ was not required to credit opinions based on plaintiff's unreliable self-report (Ct. Rec. 19 at 13). *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir 2005). Finally, after an assessment in January of 2007, the ALJ notes plaintiff did not seek treatment until July 2007 (Tr. 28, 583, 593-596).

The ALJ gave specific and legitimate reasons for rejecting Ms. Lawrence's contradicted opinion.

The ALJ notes examining psychologist Dr. Mabee opined plaintiff's largest barrier to employment was her "perceived" physical limitations and depressive disorder, which he opined would improve with treatment. The ALJ points out plaintiff admitted she had not taken antidepressants for 2-3 months before this evaluation even though she acknowledged medication improved her depression (Tr. 27, 29). Impairments effectively controlled with medication are not disabling for social security purposes. *Ware v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 99th Cir. 2006). The ALJ properly discredited this contradicted opinion because it too appears based in part plaintiff's unreliable statements. Opinions based on a claimant's unreliable self report may be rejected by the ALJ. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

*Physical impairments*

Plaintiff alleges the ALJ should have found at step two she suffers from the severe impairments of diabetic neuropathy and "left shoulder/arm and hand" impairments (Ct. Rec. 15 at 10-12).

The ALJ found plaintiff's left arm thrombosis and left carpal tunnel syndrome are not severe because they did not last twelve months as required by the Act (Tr. 28). The ALJ is correct. Thrombosis developed in February 2006, plaintiff complained of swelling three months later, and tests in August 2006 were negative for acute thrombosis. There were no further complaints (Tr. 28; Ex. 1F at 186, 278-288, 313-314, 327-328, and 333-335). Similarly, studies in July or August 2007 revealed left carpal tunnel syndrome. A month later Ms. Chavez had surgery. She was pleased with the results at her two week check up. She did not seek further treatment (Tr. 28, 263, 269). Plaintiff underwent surgery in September 2006 to repair a partially torn right rotator cuff (Tr. 217-218). Although Ms. Chavez failed to comply with treatment instructions and delayed physical therapy, by February 2007 her arm strength was 5/5 (Tr. 24-25; Ex. 1F/48-49). The ALJ also considered plaintiff's diminished credibility when he weighed evidence of physical limitation.

With respect to diabetic neuropathy, the ALJ considered results of an October 2007 examination: sensation in the lower extremities was intact, as were DP pulses (Tr. 26; Ex. 2F). Plaintiff had onychomycosis, admitted she often forgot her evening insulin, and continued taking the "70/30" dose despite medical instructions to stop (Id). Tests in April 2007 revealed no retinopathy (Tr. 232).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of the evidence is fully supported by the record and free of harmful legal error.

The evidence considered by the Appeals Council but not by the ALJ does not change the Court's view. On June 19, 2008, about a month after the ALJ's decision, records show plaintiff made 17 ER visits in six months and changed primary doctors within the same time period (Tr. 800); on June 8, 2008, admitted a history of alcohol abuse but still drinks (Tr. 805), and in April 2008 a new treatment provider was very concerned about duplication of medications (Tr. 794). The additional evidence does not require remand.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

1 **DENIED.**

2    The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

   DATED this 13th day of December, 2010.

                              s/ James P. Hutton
                              JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE